Opinion issued July
15, 2010

 

 

 

 

 

 



 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00268-CR

____________

 








ARTHUR JAMES THOMAS, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause Nos. 1140832

 

 



MEMORANDUM OPINION








Appellant, Arthur James Thomas, Jr., appeals
from a judgment convicting him of burglary of a habitation pursuant to the
jury’s finding of guilt, for which he was sentenced by the trial court to 30
years in prison.  See Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003).  Appellant pleaded not
guilty to the charged offense but pleaded true to the two punishment
enhancement paragraphs.  Appellant’s
court-appointed counsel has filed an Anders briefs in which she states
that no valid grounds for appeal exist and that appellant’s appeal is
frivolous.  Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant did not file a pro se response.  We conclude no reversible error exists and
affirm. 

Background

          When
Laura Trotter saw appellant on her porch placing items into his backpack, she
called the police department.  An officer
quickly arrived and arrested appellant, who was identified by Trotter.  He was found to be in possession of items
stolen from inside Trotter’s screened porch that was attached to her habitation.  The responding officer opined that entry into
Trotter’s porch was made through the unlocked screened porch door.  

          After
appellant pleaded not guilty to the jury, his trial attorney conducted jury
selection by questioning the jury during voir dire.  Appellant exercised 10 peremptory
strikes.  Following the empanelling of
the jury, the State called three witnesses. 
Appellant rested without presenting any evidence and made no objections
to the jury charge.  During the trial, appellant’s
attorney objected at times to the State’s questions, cross-examined each of the
witnesses, requested a directed verdict, and made a closing argument.

          During
the punishment phase before the trial court, the court asked appellant if he
desired to plead true or not true to the enhancement paragraphs.  He pleaded true.  Appellant also personally told the trial
court he agreed to the stipulation of evidence concerning his admission to
having committed certain crimes that resulted in convictions.  The trial court asked if appellant desired to
testify in the punishment phase and he said he did not.  The State introduced evidence about
appellant’s prior convictions without any objection from appellant.   Appellant did not introduce any punishment
evidence.  Appellant’s attorney made a
closing argument requesting the minimum punishment of 25 years in prison.  The trial court found the enhancement
paragraphs true and sentenced appellant to 30 years in prison. 

          After
filing a notice of appeal, appellant’s trial attorney withdrew on the day
appellant was sentenced.  Appellate
counsel was appointed that same day. 
Appellate counsel filed a motion for new trial, including an affidavit
from appellant, as well as a request for a hearing on the motion.  The affidavit asserted ineffective assistance
of counsel on the grounds that counsel had purportedly failed to convey plea
bargain offers, failed to communicate about motions, failed to challenge
extraneous offenses, and failed to request a lesser-included offense, as well
as other complaints.

          At
the motion for new trial hearing, appellant, his trial attorney, and his trial
attorney’s law partner each testified. 
Appellant testified that his attorney had conveyed to appellant a plea
bargain offer of 15 years in prison and that the trial court had conveyed an
offer of 12 years.  Appellant
acknowledges that he rejected the offers, but he claims he did so because his
trial attorney told him he could get him an offer of four or five years.  Appellant contends he later told his attorney
he wished to accept the 15 year offer but was told the offer had been
rescinded.  

          Appellant
testified about other complaints about his attorney, including that the
attorney spoke to appellant’s mother about appellant, and that his attorney had
him stipulate to his prior convictions when appellant had not gone to the
penitentiary for one of the offenses.  
Appellant claimed he thought the house he entered was for rent, as he had
no intent to burglarize it.   Appellant
testified that his trial attorney’s law partner came to him posing as a
prosecutor when he threatened appellant into taking a plea bargain for 25 years
in prison.  Appellant claimed his trial
attorney refused to allow him to testify and refused to request a jury charge
for a lesser-included offense.    

          In
contrast to appellant’s testimony, the trial attorney and law partner denied
each of the allegations made by appellant. 
The law partner testified that he did go speak to appellant, explained
to appellant that he was an attorney representing him, and advised him that 25
years in prison was the statutory minimum. 
Appellant’s trial attorney testified that he conveyed all plea bargain
offers to appellant.  The trial attorney
said that, when he obtained background information about appellant from
appellant’s mother, he discussed the punishment range with her but did not
reveal confidential information to her or ask her to convince appellant to
accept a plea bargain.  The trial
attorney explained that appellant never said he did not want to stipulate to
the prior convictions or that he had not been to the penitentiary on one of the
cases.  The trial attorney testified that
appellant decided not to testify after the attorney explained the pros and cons
of testifying.  

          The
trial court denied appellant’s motion for new trial.  Appellant’s court-appointed appellate attorney
filed a motion to withdraw as counsel and a brief in support of that
motion.  In the brief, counsel asserts
that this appeal is frivolous.








Anders Procedure








          The brief submitted by appellant’s
court-appointed counsel states her professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400. 
Counsel’s brief meets the minimum Anders requirements by
presenting a professional evaluation of the record and stating why there are no
arguable grounds for reversal on appeal. 
See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). 

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 


          Our
role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist.  Bledsoe,
178 S.W.3d at 827.  If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  Id. 
The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se.  Id.  We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response.  Id. 
If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues
raised.  Id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.   


          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. 
Bledsoe, 178 S.W.3d at 826–27. 
The holding that there are no arguable grounds for appeal is subject to
challenge by an appellant by a petition for discretionary review filed in the
Court of Criminal Appeals.  Id. at
827 & n.6. 

          In
accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se Notice
of Appeal and Motion for New Trial and Sentence and conclude that no reversible
error exists.




 

Conclusion

          We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[1]

PER CURIAM

 

Panel consists of Justices Alcala, Massengale, and
Wilson.[2]

 

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]
          Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d
770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

 





[2]           The
Honorable Davie L. Wilson, retired Justice, First Court of Appeals,       participating by assignment.